DJF:TSJ:jm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MONROE GROCERY, INC.          :
AND FRANCISCO TAVAREZ,        :
                             :
                 Plaintiff    :        Civil No.:  3:17-CV-922
    v.                        :              (Mannion, J.)
                             :
RETAILER OPERATION DIVISION:           (Schwab, CMJ.)
                             :
             Defendant.       :

**BRIEF IN SUPPORT OF THE OBJECTION
TO THE REPORT AND RECOMMENDATION
ISSUED MAY 3, 2018**

AND NOW, comes the United States of America, by its attorneys, David J.

Freed, United States Attorney for the Middle District of Pennsylvania, and

Timothy S. Judge, Assistant U.S. Attorney, and, pursuant to Local Rule 72.3 of the

Rules of Court for the United States District Court for the Middle District of

Pennsylvania, file the following objection to the Report and Recommendation

issued May 3, 2018 (Doc. 40) as follows:

### I.        Procedural History

Monroe Grocery, a privately owned grocery store by Francisco Tavarez,

(collectively referred to as Monroe) initiated this case by filing an initial Complaint

challenging the Food and Nutrition Service's (FNS) of the United States

Department of Agriculture (USDA) termination of it from the Supplemental Food and Nutrition program (SNAP).  (Doc. 1.)  Monroe filed its Complaint with this Court on May 25, 2017 (Doc. 1) – six (6) days beyond the thirty-day (30) statute of limitations for judicial review as stated in 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279. The United States filed an initial motion to dismiss the Complaint.  (Doc. 6.)

Subsequently, Monroe filed an Amended Complaint alleging violations of the Due Process Clause and Equal Protection Clause of the Fifth Amendment. (Doc. 15.)  However, it only pled that it was treated from differently from dissimilar parties, namely publicly owned grocery stores.  (Doc. 15 at ¶¶ 40, 43, 49, 50.)  The United States filed a motion to dismiss or for summary judgment that was fully briefed.  (Docs. 18, 31, 32, 38, 39.)

The Magistrate Judge issued a Report and Recommendation (Doc. 40) and erroneously recommended that the Court should not dismiss the equal protection claim (id. at 18-25).  Specifically, the Magistrate Judge erred when she determined that Monroe sufficiently pled that it had been treated differently from a similarly situated party.  (Id.)  The United States submits the following in support of its objection to the Report and Recommendation.

## II.    Argument

The Magistrate Judge observed that there is a traditional theory and class-of-one theory of Equal Protection Clause claims.  (Doc. 40 at 18-19 (citing Real

Alternatives, Inc. c. Sec'y Dep't of Health & Human Servs., 867 F.3d 338, 348 (3d Cir. 2017); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)).)  Importantly, the Magistrate Judge recognized that "[t]o succeed under either theory, [the plaintiff] must demonstrate that it was treated differently from other similarly situated entities."  (Doc. 40 at 20 (citing Rouse v. City of Pittsburgh, No. 17-2587, 2018 WL 1448671, at *3 (3d Cir. Mar. 23, 2018).)  "Persons are similarly situated . . . when they are alike in all relevant aspects."  Karns v. Shanahan, 879 F.3d 504, 520 n.9 (3d Cir. 2018) (internal quotation marks and citations omitted).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court elucidated its holding in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must contain "enough facts to state a claim to relief that is plausible on its face" to withstand a motion to dismiss.  Twombly, 550 U.S. at 570.  In Iqbal, the Court reaffirmed that a complaint will not survive a dismissal motion where it contains "threadbare recitals of the elements of a cause of action, supported by conclusory statements,"  556 U.S. at 678, and that "unadorned, the-defendant-unlawfully-harmed me" allegations are insufficient.  Id.

A panel of the Third Circuit has recognized that at the motion to dismiss stage of an equal protection claim, a plaintiff must make plausible the existence of similarly situated parties.  Perano v. Town of Tilden, 423 Fed. Appx. 234, 238 (3d

Cir. 2011) (citing <u>Toussie v. Town Bd. Of East Hampton</u>, 2010 WL 597469, *6 n.3 (E.D.N.Y. Feb. 17, 2010) (viewing <u>Iqbal</u> as "require[ing] sufficient factual allegations to make the conclusion of similarly situated plausible" and noting that pre-<u>Iqbal</u> cases not requiring such "are problematic in view of <u>Iqbal</u>")).  In <u>Perano</u>, the court of appeals observed that an allegation that a plaintiff was treated differently from other similarly situated residential and commercial developers.  <u>Id.</u> The court stated, "[w]ithout more specific factual allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like in all relevant aspects."  <u>Id.</u> at 238-239.

Here, Monroe, a small privately owned grocery store by Francisco Tavarez, only pled that it was treated from differently from dissimilar parties, namely publicly owned grocery stores.  (Doc. 15 at ¶¶ 40, 43, 49, 50.)  Monroe identifies the significant difference between itself, a privately owned small grocery store, and its purported comparators – publicly owned corporation grocery stores – which is ownership structure of the businesses.

Monroe pled in its Amended Complaint that FNS treated it differently from publicly owned "larger Supercenter stores (which are often publicly held corporations like Walmart) because the Government believes that they will police themselves."  (Doc. 15 at ¶ 44.)  Thus, the Amended Complaint itself identifies that the purported comparators were not similarly situated as required to be

4

plausibly pled to survive a motion to dismiss.  Perano, 423 Fed. Appx. at 238-239;

Iqbal, 556 U.S. at 678.  Unlike other cases cited by the Magistrate Judge where

courts were confronted with a fact specific determination warranting the parties to

proceed to discovery (Doc. 40 at 20), Monroe has specifically pled the material

difference between itself and its purported comparators by identifying that the

parties are not similarly situated and the rational basis the FNS may have had for

treating the dissimilar parties differently (Doc. 15 at ¶ 44).  See Karns, 879 F.3d at

520 n.9.  Therefore, the Court should reject in-part Report and Recommendation

(Doc. 40 at 25) and dismiss the equal protection claim.  See Perano, 423 Fed.

Appx. at 238-239; Iqbal, 556 U.S. at 678.

### III.   Conclusion

Based on the above, the United States respectfully requests that the Court reject in-part the Report and Recommendation as stated above and dismiss the equal protection claim.

Dated:  May 31, 2018                    Respectfully submitted,

                                        DAVID J. FREED
                                        UNITED STATES ATTORNEY

                                        /s/ Timothy S. Judge
                                        TIMOTHY S. JUDGE
                                        Assistant U.S. Attorney
                                        Atty. I.D. #PA 203821
                                        P.O. Box 309
                                        Scranton, PA 18501
                                        Phone 348-2800
                                        Fax: 348-2830
                                        E-Mail: timothy.judge@usdoj.gov

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers.

That on May 31, 2018, she served copies of the attached:

**BRIEF IN SUPPORT OF THE OBJECTIONS
TO THE REPORT AND RECOMMENDATION
ISSUED MAY 3, 2018**

by the Court's Electronic Case Files (ECF) transmission facilities pursuant to Local Rule of Court 5.7.

To:

**Andrew Z Tapp**
Metropolitan Law Group, PLLC
1971 W. Lumsden Road
#326
Brandon, FL 33511-8820
813-228-0658
Email: Andrew@Metropolitan.legal

**Evan C. Pappas**
Tucker Arensberg, P.C.
2 Lemoyne Drive, Suite 200
Lemoyne
Lemoyne, PA 17043
717-234-4121
Fax: (717) 232-6802
Email: epappas@tuckerlaw.com


<u>/s Jodi Matuszewski</u>
Jodi Matuszewski
Legal Assistant