## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MONROE GROCERY, INC.**, a                    **:**
Pennsylvania Corporation, and                  **:**
**FRANCISCO TAVAREZ**, an Individual,           **:**
                                               **:**    **Civil No.: 3:17-cv-922**
Plaintiffs,                                    **:**      **(Mannion, J.)**
                                               **:**      **(Schwab, M.J.)**
v.                                             **:**
                                               **:**
**UNITED STATES OF AMERICA,**                   **:**
**GILDA TORRES,** Section Chief of FNS,         **:**
**SONNY PERDUE,** Secretary of Agriculture**:**
                                               **:**
Defendants.                                    **:**

### PLAINTIFFS' RESPONSE TO DEFENDANT'S RULE 72 OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE SCHWAB

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the

Plaintiffs, MONROE GROCERY, INC. and FRANCISCO TAVAREZ, by and

through their undersigned counsel, respectfully submit this Response to

Defendant's Objection to Magistrate Judge Schwab's May 3, 2018 Report and

Recommendation.

### INTRODUCTION

This matter originates from the Plaintiffs' participation in the Supplemental

Nutrition Assistance Program ("SNAP") as an authorized retailer and the

subsequent permanent disqualification therefrom. *See* Doc. 1. Plaintiffs filed their

Complaint with this Court on May 25, 2017 (*see* Doc. 1) wherein Defendants filed a Motion to Dismiss in response thereto.  *See* Doc. 6.

Thereafter, Plaintiffs filed an Amended Complaint alleging, *inter alia¸* that Defendants violated the Equal Protection Clause of the Fifth Amendment.  See Doc. 1.  Specifically, Plaintiffs, a privately held retailer, asserted that Defendant arbitrarily charges privately held retailers with trafficking SNAP benefits, but refuses to charge similarly situated publicly held retailers with trafficking, despite substantively identical circumstances. *Id.*  The Plaintiffs allege that such decision to charge is based solely on the ownership structure, which has no material impact on or nexus to the existence or presence of trafficking.  *Id.*  Further, such practice by the Defendant lacks justifiable reasoning, explanation, or statutory authority to support such disparate treatment of the stores.  *Id.*  Plaintiffs asserted that they were treated differently from similarly situated parties who were not charged with trafficking SNAP benefits by the Defendants, in violation of the Equal Protection Clause of the Fifth Amendment of the United States Constitution.  *Id*.

In response, Defendants filed a Motion to Dismiss or for Summary Judgment.  *See* Docs. 18 and 31, Plaintiffs' Opposition at Doc. 38, and Defendants' Reply at Doc. 39.  On May 3, 2018 Magistrate Judge Schwab issued a Report and Recommendation, finding, *inter alia*, that Plaintiffs sufficiently plead an Equal Protection Cause of Action.  *See* Doc. 40.  Defendant, The United States

of America, has objected to said Report and Recommendation, erroneously asserting that Plaintiffs failed to sufficiently plead that they had been treated differently from a similarly situated party.  This response has been filed in opposition to the Defendant's objection.

## **ARGUMENT**

The crux of the Defendant's objection is rooted in the belief that Magistrate Schwab erred when she determined that Monroe Grocery sufficiently pled that it had been treated differently from a similarly situated party.  *See* Doc. 43, pages 1-2.  The Defendant's straightforward argument in the memorandum accompanying the Objection is that the Plaintiffs have only pled that the store was treated differently from *dissimilar* parties, namely publicly held grocery stores.  *See* Doc. 44 at page 4.  Further, the Defendant alleges in its memorandum that the Plaintiffs have in fact identified a "significant difference between itself…. and its purported comparators… which is ownership structure of the business." *Id.*

The Defendant's argument, straightforward albeit threadbare, utterly ignores the specific allegations of the Plaintiffs' equal protection count against the Government.  The Plaintiffs' Amended Complaint states in no uncertain terms that the ownership structure (privately held vs. publicly held) of similarly situated SNAP retailers is the deciding factor in the Government's decision to enforce regulations, but has no material correlation to the presence of violations in the store

and thus is an arbitrary and unjustifiable factor to be used for purposes of classification. *See* Doc. 15 ¶¶49-50. "It is not that publicly held stores do not raise suspicion, warrant investigations or the issuance of Charge Letter [enforcement actions & sanctions], but rather that the Defendant has made a conscious choice to afford [publicly held and similarly situated stores] opportunity and ability apart from what [smaller ownership groups] like the Plaintiffs have." *Id.* at ¶49. "There is no evidence whatsoever that a difference exists in the link between the different ownership structures and the existence of trafficking. Ownership status has no relevant link to the existence of SNAP violations." *Id.* at ¶50(e).

The Plaintiffs' Count I of the Amended Complaint lays out the allegations as best as could be expected where discovery has not been conducted and information in the public domain is limited: (1) the Defendant finds that SNAP trafficking occurs in all store size categories, having identified some 35,891 stores across every classification (large size to small) to be in violation of the SNAP regulations between 2012-2014 (*see* Doc. 15 ¶41); (2) the Defendant acknowledges that of all of the stores found to be in violation, there were <u>zero cases brought by the Defendant against publicly held corporations</u> regardless of store size (*Id.* at ¶42-43); (3) there are publicly held businesses that fit the same SNAP Retailer size and other categorizations (aside from ownership type) as the Plaintiff's store (*Id.* at ¶50(a)); (4) the Defendants specifically pursued a SNAP violation action against

the Plaintiffs upon grounds that the store fell into a "privately held business" classification rather than a "publicly held business" classification, and the Defendant would not have disqualified the Plaintiffs but for their "privately held" status (*Id.* at ¶50(b) and (d)); (5) that the Defendants would not have even pursued an enforcement action or issued any type of sanction had the Plaintiffs been a "publicly held business" (*Id.* at ¶50(c) and (d)); and (6) there is no link between ownership types and the presence of violations which would justify the disparate treatment the Defendant affords the two classifications (*Id.* at ¶49, 50(e)).

Simply put, the Plaintiffs allege that the only difference between itself and the stores that the Government does not enforce the regulations against is the arbitrary classification of ownership type – which in and of itself, carries no nexus to store violations (*Id.* at ¶49, 50(e)). Monroe Grocery alleges that its store is, in all material ways (physical size, inventory, operation, layout, business model), similar - if not identical - to those stores which are publicly held, yet the enforcement of regulations against the Plaintiffs and the publicly held stores are night-and-day different. *Id.* at ¶50(a), (b) and (c).

The Plaintiffs supported their allegations with specific details where such details were available. Hints of the discrimination have been found in testimony from Government officials stating that publicly held stores like Walmart are not investigated (*Id.* at ¶¶44-47), as well as the Government's report indicating that no

cases were brought against publicly held stores, including such stores in the same size classification of the Plaintiff ("Small Grocery Store"), over the three years where data has been made publicly available (2012-2014) (*Id.* at ¶42). However, no discovery has been permitted yet in this matter, so specific questions pertaining to the Government's enforcement (or lack thereof) against publicly held stores in the Plaintiff's size category for more recent time frames than 2014 were not available to the Plaintiffs for presentation to the Court as part of the allegations.

Based upon the foregoing, Judge Schwab correctly determined the following: "Given these allegations and mindful that '[g]eneral allegations that a plaintiff was treated differently from others similarly situated are sufficient,' *Shkedi*, 2015 WL 1505660, at *10, at the motion-to-dismiss stage, we conclude that the amended complaint sufficiently alleges that [Plaintiffs] were similarly situated to other entities that were not charged with trafficking in SNAP benefits. Whether [Plaintiffs] will be able to establish that fact will need to be determined at a later stage of the proceedings." *See* Doc. 40 at page 22.

## CONCLUSION

Based upon the foregoing, this Court should adopt Judge Schwab's Report

and Recommendation and deny the Defendant's objection thereto.

Respectfully submitted,

Dated:  June 28, 2018

*Andrew Z. Tapp*

Andrew Z. Tapp, Esquire
Florida Bar Number:  68002
Pro Hac Vice
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone:  (813) 228-0658
Andrew@Metropolitan.legal
Lajeana@Metropolitan.legal

Evan C. Pappas, Esquire
TUCKER ARENSBERG, P.C.
Pennsylvania Bar No.: 200103
Tucker Arensberg, P.C.
2 Lemoyne Dr., Suite 200
Lemoyne, PA 17043
Telephone:  (717) 221-7979
Fax:          (717) 232-6802
Email:  epappas@tuckerlaw.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy S. Judge, Esq.
Timothy.Judge@usdoj.gov

*Andrew Z. Tapp*

Andrew Z. Tapp, Esquire
Florida Bar Number:  68002
Pro Hac Vice
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone:  (813) 228-0658
Andrew@Metropolitan.legal
Lajeana@Metropolitan.legal