# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONROE GROCERY, INC.** and **FRANCISCO TAVAREZ** | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:17-922 |
| | : | |
| v. | : | (MANNION, D.J.) |
| | : | (SCHWAB, M.J.) |
| **UNITED STATES OF AMERICA, GILDA TORRES,** and **SONNY PERDUE** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## MEMORANDUM

Presently before the court is the report and recommendation ("Report") (Doc. 40) of Magistrate Judge Susan E. Schwab, which recommends that the Government's motion to dismiss (Doc. 18) be granted in part and denied in part. The Government filed objections to the Report (Doc. 43), which plaintiffs filed a response to on June 28, 2018 (Doc. 47). Based on the foregoing, Judge Schwab's Report (Doc. 40) will be **ADOPTED IN ITS ENTIRETY**; the Government's objections (Doc. 43) will be **OVERRULED**, and the Government's motion to dismiss (Doc. 18) will be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On May 25, 2017, plaintiffs Monroe Grocery, Inc. ("Monroe") and Francisco Tavarez ("Tavarez") (collectively "plaintiffs") filed a *pro se* complaint (Doc. 1) against Retailer Operation Division, who filed a motion to dismiss (Doc. 6) on October 6, 2017. On October 27, 2017, Evan C. Pappas entered his appearance on behalf of plaintiffs (Doc. 10) and Andrew Tapp filed a petition for admission *pro hac vice* to represent plaintiffs (Doc. 11), which was granted by Judge Schwab on October 31, 2017 (Doc. 12).

On December 12, 2017, plaintiffs filed an amended complaint against the United States of America (the "Government"), Gilda Torres ("Torres"), and Sonny Perdue ("Perdue") (collectively "defendants") alleging constitutional violations of equal protection and substantive due process. (Doc. 15). Then, on December 26, 2017, the Government filed a motion to dismiss plaintiffs' amended complaint or, in the alternative, for summary judgment. (Doc. 18). The Government filed a brief in support of its motion (Doc. 31) and statement of facts (Doc. 32) on January 29, 2018. Plaintiffs filed a brief in opposition of the Government's motion on March 7, 2018 (Doc. 38), and the Government filed a reply brief on March 21, 2018 (Doc. 39).

On May 3, 2018, Judge Schwab issued her Report recommending that the Government's motion to dismiss be granted in part and denied in part.

(Doc. 40). Specifically, Judge Schwab recommends that plaintiffs' claims seeking damages and due process claim seeking injunctive relief against defendants, in their official capacities, be dismissed and that plaintiffs be granted leave to file a second amended complaint. (Doc. 40, at 31). The Government filed objections (Doc. 43) to Judge Schwab's Report and a brief in support thereof (Doc. 44) on May 31, 2018, alleging that plaintiffs' equal protection claim should also be dismissed. On June 28, 2017, plaintiffs filed a response to the Government's objections asking the court to adopt Judge Schwab's Report and overrule the Government's objections. (Doc. 47). This matter is now ripe for disposition.

**II.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

### III. DISCUSSION

At issue here is whether plaintiffs' equal protection claim should be dismissed. The Government alleges that Judge Schwab "erred when she determined that Monroe Grocery sufficiently plead that it had been treated differently from a similarly situated party." (Doc. 43, at 1). The Government appears to make two arguments. First, plaintiffs failed to identify a similarly situated party because they "only pled that [they were] treated [differently from] [sic] dissimilar parties, namely publicly owned grocery stores. (Doc.

43). Second, plaintiffs failed to plead "specific factual allegations as to the allegedly similarly situated parties" and have "not made plausible the conclusion that those parties exist and that they are alike in all relevant aspects." (Doc. 44, at 4) (citing *Perano v. Town of Tilden*, 423 Fed. Appx. 234, 238-39 (3d Cir. 2011)).

### a. Similarly Situated Parties

"Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). The Third Circuit does not require plaintiffs to demonstrate that others are ***identical*** in all relevant aspects but only that they are ***alike***. *Startzell*, 533 F.3d at 203 (emphasis added). Thus, while the Government's allegation that Monroe, a privately-held grocery store, is dissimilar from publicly-owned grocery stores is correct facially; this notion does not equate to the two parties being "dissimilarly situated" by law.

Additionally, Monroe did not plead that it was only treated differently from publicly-owned large superstore centers as the Government implies. (Doc. 44, at 4). As Judge Schwab noted, Monroe alleges "[t]here are publicly held businesses that fit the same . . . size and other categorizations (aside

from ownership type) as [p]laintiffs' store" and "[d]efendants deliberately chose to enforce . . . violation sanctions against the [p]laintiffs' private business entities, but under identical circumstances would chose not to enforce . . . sanctions against a publicly held store." (Doc. 15, at 16).

### b. Specific Factual Allegation

The Government's objections cite the Third Circuit Court of Appeals' ("Third Circuit") decision in *Perano v. Town of Tilden*, 423 Fed. Appx. 234 (3d Cir. 2011). (Doc. 44). In that case, the Third Circuit determined that the plaintiff failed to state an equal protection claim because the plaintiff "simply alleged that he was treated differently from 'other similarly situated residential and commercial developers[,]'" and "[w]ithout more specific factual allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects." *Perano*, 423 Fed. Appx. at 238-39.

Determining whether individuals are similarly situated "requires a court to undertake a fact-intensive inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner. *Monaco v. American General Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) (citations omitted). A "fact-intensive inquiry" reveals that Perano was the owner of a trailer park, who was

allegedly obstructed from installing sewage collection and water distribution systems that were required to further develop his trailer park. To proceed with an equal protection claim, Perano needed to plead additional facts making it plausible that these "other similarly situated residential and commercial developers" were, in fact, "similarly situated."

Here, the plaintiffs allege that the United States Department of Agriculture ("USDA") selectively chose to enforce regulatory violations against them merely because they were a privately-owned store. (Doc. 15, at 12). The plaintiffs allege that the Government and Perdue created two classifications of retailers—privately owned stores and publicly held stores. (Doc. 15, at 12-13). Plaintiffs "allege facts that support an inference that they were similarly situated in all respects, except ownership model (public v. private), to other stores that were not prosecuted . . . ." (Doc. 40, at 21). Specifically, plaintiffs allege that there are other stores accepting food benefits that are similar in size and other attributes, other than ownership type, to the plaintiffs' store. (Doc. 40, at 21) (citing Doc. 15, at 16). Plaintiffs contend that defendants deliberately chose to enforce regulatory violation sanctions on plaintiffs because they are a private business entity but would not have done so if plaintiffs' business was publicly-held. (Doc. 40, at 21).

## IV. CONCLUSION

Based on the preceding and our review of the record, the court finds that Judge Schwab used proper reasoning and evidence to support her Report and arrived at a legally-sound conclusion. As such, Judge Schwab's Report (Doc. 40) shall be **ADOPTED IN ITS ENTIRETY** as the opinion of this court. The Government's objections (Doc. 43) shall be **OVERRULED**. The Government's motion to dismiss (Doc. 18) shall be **GRANTED IN PART** and **DENIED IN PART**. The Government's motion to dismiss plaintiffs' claims seeking damages against defendants, in their official capacities, shall be **GRANTED**, and such claims shall be **DISMISSED WITH PREJUDICE**. The Government's motion as to plaintiffs' equal protection claim shall be **DENIED**. The Government's motion to dismiss plaintiffs' substantive due process claim shall be **GRANTED**, and such claims shall be **DISMISSED WITHOUT PREJUDICE**; however, plaintiffs shall be **GRANTED** leave to file a second amended complaint. This case shall be **REMANDED** to Judge Schwab for further proceedings.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 20, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-922-01.DOCX